**Philip Anthony GILL, Petitioner,**

**v.**

**DISTRICT DIRECTOR OF the UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 25580.

United States Court of Appeals, Ninth Circuit.

April 30, 1970.

Richard Powers (argued), of McDonell & Alfieri, Seattle, Wash., for petitioner.

Charles Pinnell (argued), Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for respondent.

Before HAMLEY and TRASK, Circuit Judges.

PER CURIAM:

On April 14, 1970, respondent filed a motion to dismiss this petition for review of deportation order or, in the al-

ternative, to summarily affirm, on the ground that the petition for review is patently frivolous. Petitioner has filed no opposition to the motion.

Petitioner, a native and citizen of British Honduras, was admitted to the United States on or about May 30, 1969, as a nonimmigrant visitor for a temporary period of not to exceed six months, pursuant to section 101(a) (15) (B) of the Immigration and Nationality Act of 1952 (Act), 8 U.S.C. § 1101(a) (15) (B). This status requires, among other things, that the admission not be for the purpose of performing skilled or unskilled labor. Petitioner, nevertheless, on September 1, 1969, accepted employment for pay by Ace Rug and Furniture Cleaning Company, Los Angeles, California.

Because of petitioner's acceptance of such employment, respondent instituted this proceeding to deport petitioner under section 241(a) (9) of the Act, 8 U.S.C. § 1251(a) (9), and obtained issuance of the deportation order here under review.

Respondent resisted deportation solely on the ground that he did not knowingly or intentionally violate the conditions of his nonimmigrant status. There is nothing in the record to show that petitioner did not intend to be employed, or did not know that he was employed, or that he was incorrectly led to believe he could accept employment in the United States. Nor has petitioner disputed respondent's contention that even if petitioner did not know the conditions relating to his nonimmigrant status, such knowledge or lack of it is immaterial in a deportation proceeding under section 241(a) (9). In addition, the six-months period for which petitioner was admitted as a non-immigrant visitor expired on November 30, 1969.

We therefore conclude, as respondent alleges without refutation from petitioner, that this petition for review has been filed solely for dilatory purposes and is without merit. Accordingly, the order of deportation is summarily affirmed and the statutory stay of deportation is vacated.